ROBERT M. FOLEY AND SHIRLEY J. FOLEY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5929–68.   Filed July 13, 1971.

Robert M. Foley, pro se.
*Richard K. Seltzer*, for the respondent.

STERRETT, *Judge:* Respondent determined deficiencies in petitioners' Federal income taxes in the amounts of $529.25 and $708.83 for the taxable years 1964 and 1965, respectively. The only issue presented for our decision is whether a taxpayer, who erroneously claimed depreciation on used property under the double declining-balance method, may by amended return elect to use the 150-percent declining-balance method in lieu of the straight-line method, and also may elect in that return the 150-percent declining-balance method for other used property which in the original return had been depreciated according to the straight-line method.

### FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

---

Robert M. Foley (hereinafter referred to as Robert) and Shirley J. Foley resided in Wichita Falls, Tex., at the time of filing their petition herein. Petitioners are husband and wife and timely filed their joint Federal income tax returns for 1964 and 1965 with the district director of internal revenue, Dallas, Tex. An amended joint Federal income tax return for 1964 was filed by petitioners on February 14, 1966.

During the years in issue Robert conducted a business which included the operation of a sizable fleet of trucks and trailers. On or about Aug. 1, 1964, he acquired the assets of the Groendyke Transport Co. Included in the assets were 18 used trucks and trailers. The acquisition date, cost, salvage value, cost less salvage, and useful life of the 18 used trucks and trailers is as follows:

ROBERT M. FOLEY

DEPRECIATION SCHEDULE

| Equipment | Date acquired | Cost | Salvage | Depreciable balance | Useful life |
|---|---|---|---|---|---|
| 1964 Int. V225 w/drag axle | 8/1/64 | $9,000 | $900 | $8,100 | 3 |
| 1963 Int. V205 | 8/1/64 | 4,500 | 450 | 4,050 | 3 |
| 1963 Chev. V8-80 series | 8/1/64 | 3,650 | 365 | 3,285 | 3 |
| 1961 Int. V225 w/drag axle | 8/1/64 | 5,000 | 500 | 4,500 | 3 |
| 1959 White Diesel w/220 Cummings & drag axle | 8/1/64 | 7,500 | 750 | 6,750 | 3 |
| 1959 Int. R200 | 8/1/64 | 1,850 | 185 | 1,665 | 3 |
| 1959 Mack Diesel B61 w/drag axle | 8/1/64 | 7,500 | 750 | 6,750 | 3 |
| 1957 Int. V205 | 8/1/64 | 2,000 | 200 | 1,800 | 3 |
| 1957 Int. V205 | 8/1/64 | 2,000 | 200 | 1,800 | 3 |
| 1963 Ford ½ ton pickup | 8/1/64 | 1,400 | 140 | 1,260 | 3 |
| 1963 Freuhauf tandem trailer | 8/1/64 | 10,500 | 1,050 | 9,450 | 5 |
| 1959 Freuhauf tandem trailer | 8/1/64 | 7,500 | 750 | 6,750 | 5 |
| 1959 Freuhauf tandem trailer | 8/1/64 | 7,500 | 750 | 6,750 | 5 |
| 1959 Moser tandem trailer | 8/1/64 | 8,500 | 850 | 7,650 | 5 |
| 1956 Freuhauf tandem trailer | 8/1/64 | 2,000 | 200 | 1,800 | 5 |
| 1956 Gorbett tandem trailer | 8/1/64 | 2,000 | 200 | 1,800 | 5 |
| 1956 Gorbett tandem trailer | 8/1/64 | 2,000 | 200 | 1,800 | 5 |
| 1956 Gorbett tandem trailer | 8/1/64 | 2,000 | 200 | 1,800 | 5 |

On his original 1964 Federal income tax return, Robert used the double declining-balance method of depreciation for 16 of the used trucks and trailers he acquired from Groendyke Transport Co. On the remaining items, two 1959 Freuhauf tandem trailers costing $7,500 each, with a now agreed salvage value of $750 each, and useful lives of 5 years, the straight-line method of depreciation was used.

Sometime in October or November 1965, Robert's bookkeeper discovered the fact that the double declining method had been applied to the 16 pieces of used equipment in the 1964 return. The bookkeeper had erroneously applied the 200-percent, or double, rate to all equipment which Robert was depreciating according to the declining-balance method, rather than applying that rate to new equipment only, and utilizing the legally limited 150-percent rate for used equipment. As a result of this discovery, Robert filed an amended 1964 Federal income tax return on February 14, 1966. When the amended 1964

return was filed there was attached to it a letter dated February 14, 1966, stating in pertinent part:

The enclosed amended return for 1964 is necessitated by an error in the depreciation schedule.

On August 1, 1964 I bought a fleet of trucks and trailers, all being used equipment. In making up the depreciation schedule we inadvertently [sic] used the 200% rate declining balance method in the 1964 return on most of this equipment. In preparing the depreciation schedule for the 1965 return we discovered this error and have revised the depreciation schedule to reflect the correct 150% rate on used equipment.

Robert has claimed depreciation on used equipment under the 150-percent declining-balance method of depreciation in years prior to 1964.

On his amended 1964 Federal income tax return and on his 1965 Federal income tax return, Robert claimed depreciation under the 150-percent declining-balance method on all 18 of the used trucks and trailers acquired from Groendyke Transport Co. Respondent in a statutory notice of deficiency dated September 24, 1968, disallowed the claimed depreciation and stated to petitioners that "under Internal Revenue laws the straight-line method is available to you rather than the declining balance method which you elected for such used equipment."

OPINION

We are to determine whether the petitioner, Robert M. Foley, can, in an amended return for the taxable year 1964, elect to depreciate 16 pieces of used property according to the 150-percent declining-balance method where in his original 1964 return he erroneously applied the double declining-balance method. Also to be decided is whether Robert, in the amended return, can elect the 150-percent declining-balance method for two other pieces of used property which had been depreciated according to the straight-line method in his original return.

With respect to property used in a trade or business or held for the production of income, section 167[1] allows as a deduction for depreciation a reasonable amount for the exhaustion, wear, and tear of that property. [2]

---

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.

[2] SEC. 167. DEPRECIATION.

(a) GENERAL RULE.—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

(1) of property used in the trade or business, or

(2) of property held for the production of income.

(b) USE OF CERTAIN METHODS AND RATES.—For taxable years ending after December 31, 1953, the term "reasonable allowance" as used in subsection (a) shall include (but shall

Footnote continued on following page.

Among the methods of depreciation specifically authorized by the statute in addition to the straight-line method is the double declining-balance method. Under the statute, this latter method cannot be applied to used property. However, under respondent's regulations the 150-percent declining-balance method is made available for application to used property.[3] What the Commissioner has given in his regulation, he now seeks to take away from the petitioner by ignoring the efficacy of an amended return filed by Robert on his own initiative and relating to his first year of use of the property in question. We will not sanction respondent's gift by halves.

Clearly it was erroneous of Robert to utilize the double declining-balance method of depreciation in his 1964 return for 16 of the 18 pieces of used property acquired in 1964. Respondent contends that in correcting this error Robert is limited to application of the straight-line method rather than being able to use the 150-percent declining-balance method as he could have in the first instance. In support of his position respondent cites section 1.167(b)–1(a), Income Tax Regs., which provides in pertinent part:

Sec. 1.167(b)–1(a). The straight line method may be used in determining a reasonable allowance for depreciation for any property which is subject to depreciation under section 167 and *it shall be used in all cases where the taxpayer has not adopted a different acceptable method with respect to such property.* [Emphasis supplied.]

Footnote continued from previous page.

not be limited to) an allowance computed in accordance with regulations prescribed by the Secretary or his delegate, under any of the following methods :

    (1) the straight line method,

    (2) the declining balance method, using a rate not exceeding twice the rate which would have been used had the annual allowance been computed under the method described in paragraph (1),

    (3) the sum of the year-digits method, and

    (4) any other consistent method productive of an annual allowance which, when added to all allowances for the period commencing with the taxpayer's use of the property and including the taxable year, does not, during the first two-thirds of the useful life of the property, exceed the total of such allowances which would have been used had such allowances been computed under the method described in paragraph (2).

Nothing in this subsection shall be construed to limit or reduce an allowance otherwise allowable under subsection (a).

    (c) LIMITATIONS ON USE OF CERTAIN METHODS AND RATES.—Paragraphs (2), (3), and (4) of subsection (b) shall apply only in the case of property (other than intangible property) described in subsection (a) with a useful life of 3 years or more—

    (1) the construction, resconstruction, or erection of which is completed after December 31, 1953, and then only to that portion of the basis which is properly attributable to such construction, reconstruction, or erection after December 31, 1953, or

    (2) acquired after December 31, 1953, if the original use of such property commences with the taxpayer and commences after such date.

[3] Sec. 1.167(b)–0. Methods of computing depreciation.

    (b) *Certain methods.* Methods previously found adequate to produce a reasonable allowance under the Internal Revenue Code of 1939 or prior revenue laws will, if used consistently by the taxpayer, continue to be acceptable under section 167(a). Examples of such methods which continue to be acceptable are the straight line method, the declining balance method with the rate limited to 150 percent of the applicable straight line rate * * *

Respondent asserts that the regulation implies that a taxpayer desiring to use an acclerated method of depreciation must elect such method in the first return he files in which the property in question was subject to depreciation, and that the election of any accelerated method, acceptable or otherwise, is a rejection of all others.

As to Robert's corrective choice of the 150-percent declining-balance method for 16 of the 18 pieces of used equipment acquired in 1964, the present matter and the case of *Silver Queen Motel*, 55 T.C. 1101 (1971), are not distinguishable in any material way. In *Silver Queen Motel*, we held that a taxpayer was entitled to adopt the 150-percent declining-balance method of depreciation for used property where it had erroneously applied the double declining-balance method to the property in the return filed for the first year in which the property in question was subject to the allowance for depreciation. Section 1.167(b)–1(a), Income Tax Regs., was held not to require a more strict result. Rather it was indicated that the apparently mandatory language of the regulation applies to situations where a taxpayer does not choose a method of depreciation or chooses an incorrect one, and, when challenged on that score by the Commissioner, utterly fails to adopt an acceptable method of depreciation. Such circumstances would justify the Commissioner's adoption of the straight-line method for a taxpayer. Also, as a result of the Commissioner's denying the use of the double declining-balance method in the first instance, the taxpayer in *Silver Queen Motel* had not used that method regularly. Consequently the taxpayer was not attempting to change the method of accounting upon the basis of which it regularly computed its income, and the consent of the Commissioner was not required for adoption of the 150–percent declining-balance method in that instance.[4]

Unlike the taxpayer in *Silver Queen Motel*, Robert did not await even an audit of his return to correct his mistaken choice of depreciation methods, rather he filed an amended return on his own initiative. If this Court has held that a taxpayer may correct his erroneous choice of the double declining-balance method of depreciation for used property after audit, then a taxpayer who seeks to repair his erroneous choice himself prior to audit, should certainly suffer no worse fate. Here the Commissioner seeks to avail himself of the opportunity created by Robert's mistake to force upon him the least favorable method of depreciation. This cannot be. Accordingly we

---

[4] SEC. 446. GENERAL RULE FOR METHODS OF ACCOUNTING.

(e) REQUIREMENT RESPECTING CHANGE OF ACCOUNTING METHOD.—Except as otherwise expressly provided in this chapter, a taxpayer who changes the method of accounting on the basis of which he regularly computes his income in keeping his books shall, before computing his taxable income under the new method, secure the consent of the Secretary or his delegate.

hold that Robert may, for his taxable years 1964 and 1965, take depreciation according to the 150-percent declining-balance method on those 16 items of used property to which he erroneously applied the double declining-balance method in his original 1964 return.

We turn now to the question of whether Robert may adopt the 150-percent declining-balance method with respect to the two 1959 Freuhauf tandem trailers which he depreciated on the straight-line basis in his original 1964 return. Here we must decide for the respondent. The choice of the straight-line method was not an erroneous selection of a legally unavailable method. With regard to these two pieces of equipment, Robert was changing his method of accounting, and was thus required to obtain the consent of the Commissioner. Having failed to seek and obtain such approval, Robert cannot now apply the 150-percent declining-balance method to the two Freuhauf tandem trailers. While this result may seem somewhat anomalous in the context of the instant case, it is consistent with our prior holdings in *Clinton H. Mitchell*, 42 T.C. 953, 968 (1964), and *M. Pauline Casey*, 38 T.C. 357, 385 (1962).

In accordance with the foregoing,

*Decision will be entered under Rule 50.*