JACK R. and URSULA GOLDSTONE, PETITIONERS *v.* COM-MISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8279-73.    Filed October 23, 1975.

Jack R. Goldstone, pro se.
*Peter D. Bakutes,* for the respondent.

OPINION

STERRETT, *Judge:* Respondent determined deficiencies in petitioners' Federal income taxes for the calendar years 1969 and 1970 in the following amounts:

| Year | Amount |
|---|---|
| 1969 | $8,362.75 |
| 1970 | [1]3,633.59 |

Respondent also determined that, pursuant to section 6651(a),[2] petitioners were liable for an addition to tax in the amount of $208.79 for the year 1969. Due to concessions by the parties and the failure of petitioners to contest the section 6651(a) addition, the sole issue for decision is whether petitioners may, in an amended return for 1967, delete an investment credit properly claimed on their original return for that year in lieu of recapturing such credit in the year of disposition of the property for which the credit was claimed.

---

[1] The notice of deficiency states that for 1970 the tax liability shown on petitioners' return was $0. However, petitioners' return for that year shows a tax liability of $52.24.

[2] All statutory references are to the Internal Revenue Code of 1954, as amended.

All of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference.

Petitioners Jack R. and Ursula Goldstone, husband and wife, were residents of San Francisco, Calif., at the time they filed their petition herein. Petitioners filed joint Federal income tax returns for the calendar years 1967, 1969, and 1970 with the Director, Internal Revenue Service Center, Ogden, Utah.

On their return for 1967, petitioners properly claimed an investment credit under section 38 in the amount of $1,400 for certain property they purchased in that year. Hereinafter, this property will be referred to as the credit property.

On October 1, 1967, Golden Gate Fashions, Inc. (hereinafter Fashions), was incorporated under the laws of the State of California. During October 1967 petitioners transferred various assets of a gift shop business, including the credit property, to Fashions in exchange for all of the capital stock thereof. This transfer met the statutory requirements for nonrecognition of gain or loss under section 351.

Fashions disposed of the credit property during petitioners' 1970 taxable year. As a result of this disposition the parties have agreed that petitioners were required to recapture the investment credit of $1,400 claimed on their 1967 return.

On or about July 1, 1971, petitioners mailed an amended 1967 joint Federal income tax return to the Internal Revenue Service Center, Fresno, Calif.

On or about December 1, 1972, petitioners mailed an amendment to the aforementioned amended return. On both the amended return and amendment thereto, petitioners claimed a refund of $4,596.61 and attempted to delete the investment credit as claimed on their original 1967 return stating,

The $1,400 Investment Credit Claimed on the original return has not been considered in the preparation of the amended return.

This means that the credit is recaptured by the IRS thru the 1967 Amended Tax Return Adjustment.

Respondent denied petitioners' refund claims for 1967 in two letters, both dated November 1, 1973, and made no direct comment in either letter on petitioners' statement on the investment credit. Implicit in his action on the refund claims was a nonacceptance of the purported changed treatment of the credit

by petitioners. In a statutory notice of deficiency for 1970 respondent increased petitioners' 1970 tax liability as follows:

Investment credit in the amount of $1,400.00 which was deducted by you on your 1967 income tax return has been recaptured on your 1970 income tax return as the assets, from which the investment credit was computed in 1967 were disposed of during 1970.

We must decide the correctness of respondent's determination.

Respondent argues that the acceptance or rejection of an amended return is discretionary with the Internal Revenue Service. He contends that since both petitioners' amended returns were appropriately rejected, petitioners' initial return for 1967 on which the investment credit was claimed remains their effective return for that year. Consequently, the investment credit must be recaptured in 1970, the year of disposition of the credit property, pursuant to the express terms of section 47(a)(1).[3]

Petitioners advance the argument that the Internal Revenue Code grants them the right to file an amended return. They argue that the effect of exercising this right and deleting the investment credit on their amended returns is the same as if the credit had never been claimed. They urge, therefore, that there is no credit to be recaptured in 1970 and that section 47(a)(1) is inapplicable in the present context.

Petitioners have cited no authority in support of their arguments and we have found none. Rather, we conclude that the instant case is within the ambit of the Supreme Court's decision in *Pacific National Co. v. Welch*, 304 U.S. 191 (1938). There the issue was whether the taxpayer, having filed a return on which he employed the deferred payment method, was entitled to file a claim for refund 2 years later utilizing the installment method to compute the profit on the sales. In holding that the taxpayer was

---

[3] SEC. 47. CERTAIN DISPOSITIONS, ETC., OF SECTION 38 PROPERTY.

(a) GENERAL RULE.—Under regulations prescribed by the Secretary or his delegate—

(1) EARLY DISPOSITION, ETC.—If during any taxable year any property is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer, before the close of the useful life which was taken into account in computing the credit under section 38, then the tax under this chapter for such taxable year shall be increased by an amount equal to the aggregate decrease in the credits allowed under section 38 for all prior taxable years which would have resulted solely from substituting, in determining qualified investment, for such useful life the period beginning with the time such property was placed in service by the taxpayer and ending with the time such property ceased to be section 38 property.

bound by his original method of reporting the gain from the sales the Supreme Court stated:

Change from one method to the other, as petitioner seeks, would require recomputation and readjustment of tax liability for subsequent years and impose burdensome uncertainties upon the administration of the revenue laws. It would operate to enlarge the statutory period for filing returns (sec. 53(a)) to include the period allowed for recovering overpayments (sec. 322(b)). There is nothing to suggest that Congress intended to permit a taxpayer, after expiration of the time within which return is to be' made, to have his tax liability computed and settled according to the other method. * * * [*Pacific National Co. v. Welch, supra* at 194.]

See also *Riley Co. v. Commissioner,* 311 U.S. 55 (1940); *Miskovsky v. United States,* 414 F.2d 954 (3d Cir. 1969); *Lord v. United States,* 296 F.2d 333 (9th Cir. 1961).

The rationale of *Pacific National Co. v. Welch, supra,* is clearly applicable to the case before us. Petitioners correctly claimed an investment credit on their initial 1967 tax return. Should they be allowed to change their tax treatment of the credit both problems envisioned by the Supreme Court in *Pacific National Co.* would surface. Such change would obviously impose uncertainty in the administration of section 47 as a taxpayer would have at his disposal the option to file an amended return deleting an investment credit rather than have the recapture provisions of section 47 apply. As is clear in the instant case, such change would also bear on a taxpayer's liability for a subsequent year, the year of disposition. Hence, we hold that petitioners must recapture the investment credit in 1970, the year of disposition of the credit property.

In so holding we are aware that cases in a myriad of factual settings have upheld the validity of amended returns. See, e.g., *Haggar Co. v. Helvering,* 308 U.S. 389 (1940); *Mamula v. Commissioner,* 346 F.2d 1016 (9th Cir. 1965), revg. 41 T.C. 572 (1964); *John P. Reaver,* 42 T.C. 72 (1964); *Robert M. Foley,* 56 T.C. 765 (1971). However, such cases fall within one of the following factual contexts: (1) The amended return was filed prior to the date prescribed for filing a return; (2) the taxpayer's treatment of the contested item in the amended return was not inconsistent with his treatment of that item in his original return; or (3) the taxpayer's treatment of the item in the original return was improper and the taxpayer elected one of several allowable alternatives in the amended return.

It is obvious that the factual setting before us falls within none of the aforenoted contexts. Petitioners' treatment of the investment credit on their 1967 return was entirely correct, and the treatment accorded it on the amended returns, filed long after the period for filing a return for 1967 had expired, is manifestly inconsistent with the initial treatment thereof.

Furthermore, we note that the plain, unambiguous language of section 47(a) requires that the investment credit be recaptured in the year of disposition. To sanction the course of action petitioners seek to pursue would enable petitioners to contravene the clear statutory language and would constitute a usurpation òf the legislative function by this Court. Petitioners must, pursuant to section 47, recapture the investment credit in 1970.

As noted at the outset petitioners have not contested the imposition of an addition to tax for late filing in the amount of $208.79 under section 6651(a). Therefore, the respondent's determination in this respect is also sustained.

*Decision will be entered under Rule 155.*