KING'S COURT MOBILE HOME PARK, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 18682-90.    Filed April 23, 1992.

*Louis A. Smith* and *Donald A. Brandt,* for petitioner.
*James F. Mauro,* for respondent.

OPINION

TANNENWALD, *Judge:* Respondent determined a deficiency in and additions to petitioner's Federal income tax for its taxable year ending May 31, 1986:

| | | Additions to tax | |
|---|---|---|---|
| Deficiency | Sec. 6653(b)(1)[1] | Sec. 6653(b)(2) | Sec. 6661 |
| $25,203 | $12,601 | 50 percent of the interest due on the deficiency | $6,301 |

The main issue for decision is whether funds diverted from petitioner by its controlling shareholder constitute dividends or wages paid. If we decide that they were dividends, the issues involving the applicability of sections 6653(b)(1) and (2) and 6661 will have to be resolved.

This case was submitted fully stipulated pursuant to Rule 122(a). All the facts are stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by reference.

Petitioner was incorporated during its 1985 fiscal year with its principal place of business located in Traverse City, Michigan. During the tax year at issue, and until its dissolution in 1989, petitioner was owned by Willard Savage and his wife Irene (Savages), each holding 50 percent of petitioner's issued and outstanding stock. Prior to its incorporation, petitioner was operated as a proprietorship by the Savages.

Petitioner was engaged in the mobile home park business during each of the taxable years 1982, 1983, 1984, 1985, and 1986.

On August 14, 1986, petitioner filed an Application for Automatic Extension of Time To File Corporation Income Tax Return, Form 7004, for the taxable year ended May 31, 1986, requesting an extension until February 15, 1987. Petitioner filed a U.S. Corporation Income Tax Return, Form 1120, for its fiscal year ended May 31, 1986, with the Internal Revenue Service Center, Cincinnati, Ohio, on or about September 4, 1986 (hereinafter referred to as the original return). An

---

[1] All statutory references are to the Internal Revenue Code in effect for 1986, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Amended U.S. Corporation Income Tax Return, Form 1120X, for that year was mailed to the Internal Revenue Service Center, Cincinnati, Ohio, on or about December 29, 1986, and was received by respondent shortly thereafter (hereinafter referred to as the amended return).

During the fiscal year 1986, and during the previous 4 fiscal years, petitioner's mobile home park generated rental income of which the following amounts were omitted from its income as reported on its original income tax returns:

| Fiscal year | Omitted income |
|---|---|
| 1982 | $67,262 |
| 1983 | 51,250 |
| 1984 | 83,281 |
| 1985 | 65,148 |
| 1986 | 58,365 |

On its amended return for its 1986 fiscal year, petitioner included the $58,365 in income and increased its deduction for wages paid by the same amount.

The amounts omitted from petitioner's original Federal income tax returns were received by Willard Savage (Savage). The Savages' 1986 Federal individual income tax return, Form 1040, filed on or about April 15, 1987, included the $58,365 amount omitted by petitioner on its original Federal corporate income tax return for the year ended May 31, 1986. Such amount was characterized on that return as wages received from petitioner.

On August 22, 1986, the Examination Division of the Internal Revenue Service (IRS) sent an appointment letter to the Savages regarding an examination of the Savages' 1984 Federal individual income tax return. An audit of the Savages' 1984 Federal individual income tax return was completed September 25, 1986, at which time the audit agent requested additional information, including a specific request for the Savages' bank records. On or about December 5, 1986, Louis Smith, attorney for the Savages, presented a check for $457,962 and the Savages' amended Federal individual income tax returns for the taxable years 1979 through 1985 to a special agent of the Criminal Investigation Division of the IRS. Under date of February 20, 1990, respondent wrote to the Savages that an examination of their 1986 return "shows no change is necessary".

On April 25, 1988, Savage pled guilty to tax evasion under section 7201 for failure fully to report income from petitioner during the 1985 taxable year.

## Diverted Funds

The first question is whether the diversion of $58,365 of petitioner's income by its controlling shareholder[2] for personal use constitutes the payment of deductible wages or the distribution of a dividend.

At the outset, we note that petitioner does not contend that the funds diverted by Savage during the taxable year at issue were not income to it. Rather, petitioner contends that the payment of such funds constituted wages with the result that their inclusion in income should be offset by a deduction in the same amount. The basic principle governing the characterization of such payments, namely, is that "only if payment is made with the intent to compensate is it deductible as compensation." *Paula Construction Co. v. Commissioner,* 58 T.C. 1055, 1058 (1972), affd. without opinion 474 F.2d 1345 (5th Cir. 1973); see *Whitcomb v. Commissioner,* 733 F.2d 191, 193 (1st Cir. 1984), affg. 81 T.C. 505 (1983). The presence of an intent to compensate is one of fact, *Paula Construction Co. v. Commissioner, supra* at 1059, and petitioner has the burden of proof, Rule 142(a). We think the circumstances herein fail to show the requisite intent. The only evidence that the diverted funds were intended as wages is the characterization of the funds as "wages" (1) on petitioner's amended 1986 return which was filed on or about December 29, 1986, after the time of receipt by Savage, and (2) on the Savages' 1986 return filed still later on or about April 15, 1987. In both instances, the self-serving characterizations were made long after petitioner and the Savages had failed timely to report the diverted income from prior years, a failure which demolishes petitioner's contention in respect of a pattern of payment over the years of such funds as "wages". We also note that the record herein is devoid of any evidence that the amount of wages,

---

[2]Although Willard Savage, recipient of the diverted funds, did not technically control petitioner, for all practical purposes he dominated the affairs of petitioner as an officer and as the constructive owner of 100 percent of petitioner through his wife's ownership of the remaining 50 percent of the stock, and petitioner does not make any contrary contention. See sec. 318(a)(1)(A)(i).

after the inclusion of the diverted funds, constituted reasonable compensation, an essential element in resolving a dividend-versus-compensation issue.

The fact that respondent accepted the Savages' 1986 return with self-serving inclusion of the funds as "wages" (along with amounts from other sources and without a breakdown) does not constitute evidence that they were in fact paid with intent to compensate. It has long been established that respondent is not bound by the mere acceptance of a tax return as filed. See, e.g., *Walker v. Commissioner,* 362 F.2d 140, 142-143 (7th Cir. 1966); *Thomas v. Commissioner,* 92 T.C. 206, 227 (1989); *Kennedy v. Commissioner,* 72 T.C. 793, 802 (1979), revd. and remanded on other grounds 671 F.2d 167 (6th Cir. 1982). *Seven Canal Place Corp. v. Commissioner,* 332 F.2d 899 (2d Cir. 1964), remanding T.C. Memo. 1962-307, relied upon by petitioner, is clearly distinguishable. In that case, there had been a compromise between the taxpayer and respondent based upon evidence of services submitted by the taxpayer. See, e.g., *Kennedy v. Commissioner,* 72 T.C. at 802 n.9. Moreover, in the instant case, the amounts reported by the Savages were includable in gross income whether characterized as dividends or wages and had the same tax consequences so that the so-called acceptance had no substantive significance.[3]

In sum, we conclude that petitioner has failed to carry its burden of proof that the diverted funds were paid to Savage as compensation.[4] Consequently, it is not entitled to the claimed offsetting deduction.

## Fraud

Respondent contends that petitioner is liable for the additions to tax for fraud under section 6653(b)(1) and (2) for the taxable year ending May 31, 1986. The burden of proving fraud is on respondent and such proof must be by clear and convincing evidence. Sec. 7454(a); Rule 142(b). To meet this burden, respondent must prove that: (1) There was an underpayment, and (2) a portion of the underpayment was due to

---

[3]The Savages used the $200 dividend exclusion against dividends from other sources.

[4]See *Mores Steel Co. v. Commissioner,* T.C. Memo. 1981-35, where we held that diverted funds were dividends and not compensation because they were not paid with an intent to compensate.

fraud. *Truesdell v. Commissioner,* 89 T.C. 1280, 1301 (1987). The existence of fraud is a factual question to be determined from all the facts and circumstances contained in the record. *DiLeo v. Commissioner,* 96 T.C. 858, 874 (1991), affd. 959 F.2d 16 (2d Cir. 1992). Respondent's burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. *DiLeo v. Commissioner, supra.* Fraud may never be presumed. *Truesdell v. Commissioner, supra.* However, since direct evidence of fraudulent intent is seldom available, we are entitled to draw reasonable inferences from the conduct of the taxpayer and the surrounding circumstances. *DiLeo v. Commissioner, supra.*

Inasmuch as a corporation is an artificial being created by law, incapable of forming the requisite fraudulent intent under section 6653(b), we must look to the actions of its officers in determining whether such intent exists. *American Lithofold Corp. v. Commissioner,* 55 T.C. 904, 925 (1971); *Federbush v. Commissioner,* 34 T.C. 740, 749 (1960), affd. 325 F.2d 1 (2d Cir. 1963). If it does, then the fraudulent intent may be imputed to the corporation. *American Lithofold Corp. v. Commissioner,* 55 T.C. at 925.

Initially, we note that respondent has focused her assertion of fraud on the failure of petitioner to include the $58,365 of diverted funds in its original fiscal 1986 return and in its returns for previous years, and the various events relating to the nonreporting of the diverted funds by Savage for those years, and the conviction of Savage under section 7201 in respect of 1985. Neither in her deficiency notice nor in her arguments on brief has respondent focused on petitioner's amended fiscal 1986 return. We think respondent erred in this respect.

Petitioner's amended fiscal 1986 return was filed on or about December 29, 1986, well before the February 15, 1987, date set forth in the automatic extension of time to file. Respondent makes no argument that such extension of time was not valid and should be disregarded. See Rev. Rul. 83-27, 1983-1 C.B. 337. Thus, petitioner's amended fiscal 1986 return was timely filed and is petitioner's return for the year at issue. See section 6653(c) which provides that establishing an underpayment shall take into account the tax shown on a return which

was filed before the due date "determined with regard to any extension of time" for such filing. See sec. 301.6653-1(c), Proced. and Admin. Regs. Cf. *Haggar Co. v. Helvering,* 308 U.S. 389 (1940); *Evans Cooperage Co. v. United States,* 712 F.2d 199, 204 (5th Cir. 1983); *Goldstone v. Commissioner,* 65 T.C. 113, 116 (1975).[5]

In the foregoing context, the issue is not whether petitioner fraudulently omitted diverted funds from its 1986 return because it did not. Rather, the issue is whether petitioner fraudulently deducted an offsetting amount as wages. We have a strong suspicion that petitioner took the deduction knowing that there was a substantial question as to the validity of that action. But suspicion of fraud is not enough. *Katz v. Commissioner,* 90 T.C. 1130, 1144 (1988). We cannot say that the record before us contains sufficient evidence of such knowledge to justify our concluding that respondent has satisfied the clear and convincing test of her burden of proof. Cf. *Ross Glove Co. v. Commissioner,* 60 T.C. 569, 609 (1973). Perhaps a trial with the opportunity to examine and cross-examine witnesses would have produced a record sufficient to enable respondent to carry her burden of proof. But respondent chose to submit this case fully stipulated, and she must suffer the consequences of her choice. *Borchers v. Commissioner,* 95 T.C. 82 (1990), affd. on other issues 943 F.2d 22 (8th Cir. 1991). We hold that the additions to tax under section 6653(b)(1) and (2) should not be sustained.

*Section 6661 Addition*

With respect to the addition to tax under section 6661, the burden of proof is on petitioner. Rule 142(a). Petitioner's income tax required to be shown on its 1986 return is $31,822. The income tax shown on petitioner's amended 1986 return is $6,619. Consequently, the understatement in income tax of $25,203 exceeds the greater of $3,182 (10 percent of $31,822) or $10,000 and constitutes a substantial understatement under section 6661. In light of our discussion of the dividend-versus-compensation issue, *supra* pp. 514-515, it is clear that it had no substantial authority to support its treatment of the

---

[5]See also *Caywood v. Commissioner,* T.C. Memo. 1958-131; Rev. Rul. 83-36, 1983-1 C.B. 358; Rev. Rul. 78-256, 1978-1 C.B. 438.

diverted funds. It is similarly clear that it did not adequately disclose in its 1986 return, or in an attached statement, the relevant facts affecting such treatment. Accordingly, we hold that respondent's determination as to the addition to tax under section 6661 is sustained.

*Decision will be entered under Rule 155.*