T.C. Memo. 1999-65


UNITED STATES TAX COURT


JERRY V. RICE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4343-97.                    Filed March 5, 1999.


Jerry V. Rice, pro se.

Pamelya P. Herndon, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Chief Judge:  Respondent determined additions to tax and penalties with respect to petitioner's Federal income tax liabilities as follows:

Additions to Tax and Penalties

| Year | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1) | Sec. 6663 |
|------|--------------------|-----------------|-----------|
| 1987 | $7,324 | -- | -- |
| 1988 | -- | $8,127 | -- |
| 1989 | -- | -- | $13,576 |

After concessions by the parties, the issues remaining for decision are whether this Court has jurisdiction over this case and whether petitioner fraudulently underpaid his Federal income tax for 1989. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

This case was submitted fully stipulated, and the facts set forth in the stipulation are incorporated in our findings by this reference. Jerry V. Rice (petitioner) resided in Albuquerque, New Mexico, at the time the petition in this case was filed. During 1989, petitioner was employed as a certified public accountant (C.P.A.) with two companies, Jerry V. Rice C.P.A., P.C. (Jerry Rice, P.C.), and its successor, Rice and Associates C.P.A., P.C. (Rice and Associates). Petitioner was the sole shareholder in both companies and was responsible in each for keeping records and paying payroll taxes. Accordingly, petitioner knew that neither Jerry Rice, P.C., nor Rice and

Associates withheld and paid over to the Internal Revenue Service Federal income tax for petitioner during 1989.

Petitioner's Federal income tax return for 1989 reported that he had taxable income of $45,691 and an income tax liability of $10,416 before credits. Despite knowing that withholding had not been paid in 1989, petitioner claimed on his return that $18,102 had been withheld during the year. In addition, he attached false Forms W-2 from Jerry Rice, P.C., and from Rice and Associates to substantiate the withholding he claimed. Petitioner ultimately received a refund for 1989 of $10,172.

On October 5, 1994, petitioner was convicted of filing a false claim for a Federal income tax refund in violation of 18 U.S.C. 287 (1994) and of making and subscribing a false Federal income tax return for 1989 in violation of section 7206(1). On June 13, 1994, petitioner was sentenced to 30 months in prison for these offenses and was fined $20,000 plus special assessments totaling $250.

OPINION

The jurisdiction of this Court is limited by statute and attaches only upon the issuance of a valid notice of deficiency and the timely filing of a petition. Pietanza v. Commissioner, 92 T.C. 729, 735 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). Petitioner argues that the Court does not have jurisdiction over this case because the notice of deficiency

does not determine a deficiency for 1989 but merely gives notice to petitioner of respondent's determination that petitioner is liable for a penalty pursuant to section 6663.

Section 6665 provides that "additions to the tax, additional amounts, and penalties * * * shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes".  A deficiency in tax is assessed, collected, and paid only after respondent makes a determination and sends a notice of that determination in accordance with section 6213, which provides for the jurisdiction of this Court.  Eck v. Commissioner, 16 T.C. 511, 515 (1951), affd. per curiam 202 F.2d 750 (2d Cir. 1953).  Thus, respondent, in sending a notice determining petitioner was liable for a section 6663 penalty, was complying with the law that requires him to proceed in the same manner as if there were a deficiency.  "The statute was intended to mean * * * that where such a notice was sent, the Tax Court has jurisdiction."  Id.  Accordingly, a statutory notice from respondent, in which no deficiency is determined, advising the taxpayer that a penalty for fraud is due, is a valid basis for jurisdiction to this Court.

The penalty in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud.

Helvering v. Mitchell, 303 U.S. 391, 401 (1938). Respondent has the burden of proving, by clear and convincing evidence, an underpayment for 1989 and that some part of an underpayment for that year was due to fraud. Sec. 7454(a); Rule 142(b). If respondent establishes that any portion of the underpayment is attributable to fraud, the entire underpayment is treated as attributable to fraud and subjected to a 75-percent penalty unless the taxpayer establishes that some part of the underpayment is not attributable to fraud. Sec. 6663(b). Respondent's burden is met if it is shown that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of taxes. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

The existence of fraud is a question of fact to be resolved upon consideration of the entire record. King's Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 516 (1992). Fraud will never be presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence and inferences drawn from the facts because direct proof of a taxpayer's intent is rarely available. Niedringhaus v. Commissioner, 99 T.C. 202, 211 (1992). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971).

Petitioner argues that there is no underpayment of tax in this case and that, without an underpayment, respondent cannot

properly assess a penalty under section 6663.  An underpayment is defined in section 6664(a) as the amount by which the tax imposed exceeds the excess of the sum of the tax shown on the return, plus amounts not so shown that were previously assessed (or collected without assessment), over the amount of rebates made. In making this computation, the tax shown on the return is reduced by:

> (i) The amounts shown by the taxpayer on his return as credits for tax withheld under section 31 (relating to tax withheld on wages) * * * over
> (ii) The amounts actually withheld, * * * with respect to a taxable year before the return is filed for such taxable year.  [Sec. 1.6664-2(c)(1)(i) and (ii), Income Tax Regs.]

This regulation takes into consideration the situation in which a taxpayer overstates the credit for withholding.  See also sec. 1.6664-2(g) Example (3), Income Tax Regs.  Accordingly, if a taxpayer overstates prepayment credits, such as the credit for wages withheld, the overstatement decreases the amount shown on the return and increases the underpayment of tax.

In this case, petitioner claimed that he had withholding credits of $18,102 in 1989 and attached false Forms W-2 to substantiate this claim.  Jerry Rice, P.C., and Rice and Associates, however, made no withholding payments during 1989. Applying section 1.6664-2(c)(1), Income Tax Regs., petitioner's overstatement of withholding results in an underpayment of $18,102 for 1989.

Petitioner argues that, because the regulations to section 6664 were not issued until after he filed his 1989 Federal income tax return, the regulations cannot apply retroactively to establish that he had an underpayment. See sec. 7805(b). Section 7805(b) gives respondent the authority to "prescribe the extent, if any, to which any ruling * * * [or regulation], relating to the internal revenue laws, shall be applied without retroactive effect." Section 1.6664-1(b), Income Tax Regs., provides that "Sections 1.6664-1 through 1.6664-3 apply to returns the due date of which * * * is after December 31, 1989." Thus, because petitioner's 1989 Federal income tax return was due on April 15, 1990, the cited regulations govern the definition of an underpayment with respect to respondent's penalty determination.

Petitioner admitted committing fraudulent acts with respect to his 1989 Federal income tax return. He intentionally reported false withholding information, the false withholding information was used to offset his income tax liability in 1989, and he thus obtained an erroneous refund of $10,172 for that year. In addition, he fabricated and attached to his return false Forms W-2 to substantiate his withholding. Petitioner was later convicted of filing a false claim for a refund and of subscribing a false Federal income tax return.

Respondent has proven by clear and convincing evidence that petitioner fraudulently underpaid tax for 1989. Accordingly, the fraud penalty is justified in this case, and petitioner has not proven that any part of the underpayment is not attributable to fraud.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.