113 T.C. No. 4


UNITED STATES TAX COURT


GERALD A. SADLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1046-98.                    Filed July 29, 1999.


        P, a tax attorney, was the president and sole
shareholder of six corporations.  P prepared his own
Forms W-2 for 1989 and 1990 from these corporations.
The Forms W-2 listed large amounts of Federal income
tax withheld.  The corporations did not deposit with
the IRS or withhold any Federal income taxes on the
wages earned by P.  On his tax returns for 1989 and
1990, P reported the correct tax imposed under subtitle
A; however, P also reported as withholdings the amounts
listed on the false Forms W-2.

        <u>Held</u>:  P had an "underpayment" of tax for 1989 and
1990.  See sec. 6664(a), I.R.C.; sec. 1.6664-2, Income
Tax Regs.

        <u>Held</u>, <u>further</u>, P is liable for the fraud penalty
for 1989 and 1990.

        <u>Held</u>, <u>further</u>, the periods of limitation on
assessment for 1989 and 1990 did not expire.

Gerald A. Sadler, pro se.

Derek B. Matta and Gordon P. Sanz, for respondent.


VASQUEZ, Judge:  Respondent determined the following deficiency in and penalties on petitioner's Federal income tax:

| Year | Deficiency | Penalties Sec. 6663 |
|------|------------|---------------------|
| 1989 | $19,797.59 | $44,473.19 |
| 1990 | -- | 19,500.00 |

By amendment to answer, respondent increased the amount of the fraud penalty for 1989 to $55,947.37.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  After concessions,[1] the issues for decision are (1) whether petitioner is liable for the fraud penalty for 1989 and 1990, and (2) whether the periods of limitation for 1989 and 1990 have expired.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time he filed his petition, Gerald A. Sadler (Mr. Sadler) resided in Houston, Texas.

---

[1]  Respondent concedes that there is no deficiency for 1989.

Petitioner's Background

From 1972 until December 17, 1996, petitioner was a licensed attorney who practiced law in Texas. As part of his practice, petitioner prepared tax returns and forms for clients including: (1) Forms 1040, U.S. Individual Income Tax Return, (2) Forms W-2, Wage and Tax Statement, (3) Forms W-4, Employee's Withholding Allowance Certificate, (4) Forms 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, and (5) Forms 941, Employer's Quarterly Federal Tax Return.

Petitioner was admitted to practice before this Court. On at least two occasions, he represented clients before this Court.

Petitioner's Businesses

During the years in issue, petitioner was president and the 100-percent shareholder of the following corporations: (1) Jerry Sadler, Attorney at Law, P.C.; (2) the Law Offices of Jerry Sadler, P.C.; (3) Sixty Eleven Kirby Corp.;[2] (4) Jay Ess, P.C.; (5) J.S., P.C. doing business as Jerry Sadler, Attorney at Law, P.C.; and (6) GEE A. ESS, P.C. (altogether, petitioner's corporations).

During the years in issue, petitioner's corporations were having financial problems. Payroll checks of petitioner's employees were bouncing.

---

[2] This corporation was formerly known as Airtop Heating and Air Conditioning, Inc.

Petitioner's Taxes

Petitioner prepared and timely filed his Forms 1040 for 1989 (1989 original return) and 1990 (1990 return). Prior to April 15, 1990, petitioner prepared and filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 1989 (1989 amended return).

Petitioner prepared the Forms W-2 that he attached to his 1989 original return, 1989 amended return, and 1990 return. The Forms W-2 listed the following amounts as Federal Income tax withheld:

| Year | Employer | Federal Income Tax Withheld |
|------|----------|----------------------------|
| 1989 | Law Offices of Jerry Sadler, P.C. | $39,500 |
| 1989 | Jerry Sadler, Attorney at Law, P.C. | 13,720 |
| 1989 | Sixty Eleven Kirby Corp. | 16,380 |
| 1990 | J.S., P.C. doing business as Jerry Sadler, Attorney at Law, P.C. | 26,000 |

During the years in issue, petitioner's corporations did not deposit with the Internal Revenue Service (IRS) any Federal income taxes on the wages earned by petitioner. Petitioner solely was responsible for making these deposits.

On his 1989 original return, petitioner (1) reported a $22,056.50 tax liability and $39,500.00 of Federal income tax withheld and (2) claimed a $17,443.50 refund. The IRS assessed

petitioner's tax liability of $22,056.50 and issued petitioner a $17,191.45 refund check.[3]

On his 1989 amended return, petitioner (1) reported a $19,796.14 additional tax liability and $35,096.49 of additional Federal income tax withheld, and (2) claimed an additional refund in the amount of $15,300.35. The IRS did not assess the additional tax liability reported on the 1989 amended return.

On his 1990 return, petitioner (1) reported a $5,725 tax liability and $26,000 of Federal income tax withheld and (2) claimed a $20,275 refund.

Petitioner's Criminal Conviction

On October 5, 1995, pursuant to a plea agreement, petitioner pleaded guilty to violating title 18 U.S.C. section 287 (1994) for the following reason:

> [He] made and presented to the United States Treasury Department a claim against the United States for payment, which he knew to be false, fictitious, or fraudulent, by preparing and causing to be prepared, a U.S. Individual Income Tax Return, Form 1040, for calendar year 1989, which was presented to the United States Treasury Department, through the Internal Revenue Service, wherein he claimed a refund of taxes in the amount of seventeen thousand four hundred forty-three and 50/100 dollars ($17,443.50), knowing such claim to be false, fictitious, or fraudulent.

---

[3] The parties did not explain the difference between the amount petitioner claimed as a refund and the refund check issued by the IRS.

OPINION

I.  Fraud

The penalty in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from a taxpayer's fraud. See Helvering v. Mitchell, 303 U.S. 391, 401 (1938).  Fraud is intentional wrongdoing on the part of the taxpayer with the specific purpose to evade a tax believed to be owing.  See McGee v. Commissioner, 61 T.C. 249, 256 (1973), affd. 519 F.2d 1121 (5th Cir. 1975).

The Commissioner has the burden of proving fraud by clear and convincing evidence.  See sec. 7454(a); Rule 142(b).  To satisfy the burden of proof, the Commissioner must show:  (1) An underpayment exists; and (2) the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes.  See Parks v. Commissioner, 94 T.C. 654, 660-661 (1990).  The Commissioner must meet this burden through affirmative evidence because fraud is never presumed.  See Beaver v. Commissioner, 55 T.C. 85, 92 (1970).

A.  Underpayment

The parties agree that (1) petitioner's tax liabilities for 1989 and 1990, not including penalties, interest, or credits for withholding, are $41,852.64 and $5,725, respectively; (2) on the

1989 amended return, petitioner reported $41,852.64 as his tax liability for 1989; and (3) on the 1990 return, petitioner reported $5,725 as his tax liability for 1990. Petitioner argues that, because he showed the correct amount of tax imposed under subtitle A on his 1989 amended return and 1990 return, there is no underpayment of tax in this case.

An "underpayment" is the amount by which the tax imposed exceeds the excess of the sum of the amount shown as the tax by the taxpayer on his return, plus amounts not so shown that were previously assessed (or collected without assessment), over the amount of rebates made. See sec. 6664(a). In making this computation, "the amount shown as the tax by the taxpayer on his return" is reduced by the excess of:

> (i) The amounts shown by the taxpayer on his return as credits for tax withheld under section 31 (relating to tax withheld on wages) * * * over
>
> (ii) The amounts actually withheld, * * * with respect to a taxable year before the return is filed for such taxable year. [Sec. 1.6664-2(c)(1)(i) and (ii), Income Tax Regs.]

Section 1.6664-2, Income Tax Regs.,[4] takes into consideration the situation in which a taxpayer overstates the

---

[4] We note that while the regulation was not issued until after petitioner filed the tax returns at issue in the case at bar, it does govern the definition of an underpayment with respect to respondent's penalty determination herein as secs. 1.6664-1 through 1.6664-4, Income Tax Regs., apply to returns, the due date of which is after Dec. 31, 1989. See sec. 7805(b); Rice v. Commissioner, T.C. Memo. 1999-65; sec. 1.6664-1(b), Income Tax Regs.

credit for withholding.  See sec. 1.6664-2(g), <u>Example</u> (<u>3</u>), Income Tax Regs.  Accordingly, if a taxpayer overstates the credit for withholding, the overstatement decreases the amount shown as the tax by the taxpayer on his return and increases the underpayment of tax.

Petitioner claimed that he had withholding credits of $74,596.49[5] and $26,000 for 1989 and 1990, respectively. Petitioner attached false Forms W-2, which he prepared, to substantiate these claims.  Petitioner knew that his corporations did not deposit or withhold, see <u>infra</u>, Federal income taxes on the wages he earned during 1989 and 1990.  Petitioner's overstatements of withholding resulted in the following underpayments:

---

[5]  Petitioner failed to address the difference between the amount he claimed as withholding credits on his return ($74,596.49) and the amount he listed as Federal income tax withheld on his Forms W-2 ($69,600).

1989

| | | |
|---|---|---|
| Tax imposed under subtitle A | | $41,852.64 |
| Tax shown on the return[1] | ($32,743.85) | |
| Tax previously assessed | 0.00 | |
| Amount of rebates made | 0.00 | |
| Balance | | - (32,743.85) |
| Underpayment | | 74,596.49 |

[1] This equals the reported tax liability--$41,852.64--minus the overstated withholding--$74,596.49.

1990

| | | |
|---|---|---|
| Tax imposed under subtitle A | | $5,725.00 |
| Tax shown on the return[1] | ($20,275.00) | |
| Tax previously assessed | 0.00 | |
| Amount of rebates made | 0.00 | |
| Balance | | - (20,275.00) |
| Underpayment | | 26,000.00 |

[1] This equals the reported tax liability--$5,725--minus the overstated withholding--$26,000.

See sec. 6664; sec. 1.6664-2(g), Example (3), Income Tax Regs.

B.   Fraudulent Intent

The Commissioner must prove that a portion of the underpayment for each taxable year in issue was due to fraud. See Professional Servs. v. Commissioner, 79 T.C. 888, 930 (1982). The existence of fraud is a question of fact to be resolved from the entire record. See Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Because direct proof of a taxpayer's intent is rarely available, fraud may be proven by circumstantial evidence, and reasonable inferences may be drawn from the relevant facts. See Spies v. United States, 317 U.S. 492, 499 (1943); Stephenson

v. Commissioner, 79 T.C. 995, 1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). A taxpayer's entire course of conduct can be indicative of fraud. See Stone v. Commissioner, 56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105-106 (1969). The sophistication, education, and intelligence of the taxpayer are relevant to determining fraudulent intent. See Niedringhaus v. Commissioner, 99 T.C. 202, 211 (1992); Stephenson v. Commissioner, supra at 1006; Iley v. Commissioner, 19 T.C. 631, 635 (1952).

Petitioner is a tax attorney who engaged in a fraudulent refund scheme in order to generate money for his financially strapped businesses. During the years in issue, payroll checks issued to employees of petitioner's corporations contained notations showing the amount of tax withheld from each check. Payroll checks issued to petitioner contained no notations regarding taxes being withheld. During the years in issue, petitioner did not segregate any amounts he allegedly withheld as taxes from his payroll checks. When questioned by respondent as to what he did with the funds he allegedly withheld from his own paychecks, petitioner replied "Spent them."

At trial, petitioner admitted that the withholding amounts on the Forms W-2 he prepared were "fictitious" because neither he nor his corporations deposited any of the Federal income taxes he claims he/his corporations withheld on the wages he earned. We conclude that petitioner knew that the amounts he listed as

withholding on his Forms W-2 were false, that he knew that these amounts were not withheld, and that he intentionally reported false withholding information on his 1989 original return, 1989 amended return, and 1990 return in order to generate refunds for 1989 and 1990 (so as to have extra funds to sustain himself and his financially strapped businesses).

Petitioner asserts that his testimony was direct, candid, truthful, credible, and honest. We disagree. His testimony was evasive and not credible. Additionally, petitioner pleaded guilty to filing a false claim for a refund of Federal income taxes.

We conclude that respondent has proven by clear and convincing evidence that petitioner fraudulently underpaid his taxes for 1989 and 1990.

Once the Commissioner establishes that any portion of the underpayment is attributable to fraud, the entire underpayment is treated as attributable to fraud and subjected to a 75-percent penalty, except with respect to any portion of the underpayment that the taxpayer establishes is not attributable to fraud. See sec. 6663(a) and (b). Petitioner has not proven that any part of either underpayment is not attributable to fraud. Therefore, the entire underpayments for 1989 and 1990 are subject to the 75-percent penalty.

II.  Periods of Limitation

Petitioner argues that respondent cannot assess the tax liabilities petitioner reported on his tax returns due to the expiration of the statutory periods of limitation.

In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed at any time.  See sec. 6501(c)(1).  If the return is fraudulent, it deprives the taxpayer of the bar of the statutory period of limitations for that year.  See Badaracco v. Commissioner, 464 U.S. 386, 396 (1984); Lowy v. Commissioner, 288 F.2d 517, 520 (2d Cir. 1961), affg. T.C. Memo. 1960-32; see also Colestock v. Commissioner, 102 T.C. 380, 385 (1994).

We found that petitioner filed fraudulent income tax returns for 1989 and 1990; therefore, the period of limitation on assessment for each of these years remains open.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

Decision will be entered
under Rule 155.