**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0220n.06
Filed: March 29, 2006

**No. 04-3073**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| MARK W. MAY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS, Chief Judge, MOORE and COOK, Circuit Judges.

PER CURIAM. After a jury trial, Mark May was convicted of tax evasion for violating 26 U.S.C. § 7201 and willful failure to account for and pay over payroll taxes for violating 26 U.S.C. § 7202. We affirm the district court's decision to deny May's motion for judgment of acquittal, and we vacate the sentence, remanding for resentencing under *United States v. Booker*, 543 U.S. 220 (2005).

I

Evidence at trial established the following facts. May operated and controlled the finances of Maranatha Financial Group, Inc., as its registered agent, majority shareholder, and president. Investigating May's tax-filing conduct, the Internal Revenue Service (IRS) found that from June 1990 through December 1996 May withheld federal income taxes from his employees' paychecks,

but failed to pay over those taxes to the IRS and failed to file employment and corporate income tax returns. Although May filed individual income tax returns for 1995 and 1996, he failed to pay over taxes he reported withholding from his own salary. The taxes May claimed to have withheld from his and his employees' paychecks remained in Maranatha's bank account. Maranatha's payroll tax liability amounted to $1,441,812, and May's personal income tax liability amounted to $418,325.

The district court sentenced May to 72 months' incarceration and three years' supervised release, and it ordered May to pay $600 in special assessments and $728,090 in restitution to the IRS. On appeal May argues that the district court: (1) erred by denying his motion for judgment of acquittal on the tax-evasion charges; (2) plainly erred by failing to instruct the jury on the meaning of "willfully"; and (3) plainly erred by treating the U.S. Sentencing Guidelines as mandatory.

II

First, the district court did not err in denying May's motion for judgment of acquittal on the tax evasion charges. In general, an employer must withhold an employee's share of federal income tax from each paycheck. 26 U.S.C. §§ 3102(a), 3402(a). The employer must then pay over those sums to the IRS. If the taxes are *actually withheld* from the employee's wages, but not remitted to the IRS, the employee may credit the taxes against his tax liability. 26 U.S.C. § 31 ("The amount withheld as tax under chapter 24 . . . shall be allowed to the recipient of the income as a credit against the tax imposed by this subtitle . . . ."); Treas. Reg. § 1.31-1(a) ("If the tax has actually been withheld at the source, credit or refund shall be made to the recipient of the income even though

such tax has not been paid over to the Government by the employer."); *Slodov v. United States*, 436 U.S. 238, 243 (1978).

May contends that the evidence at trial was insufficient to prove that federal income taxes were not actually withheld from his wages. He adds that because the evidence proves that the taxes were actually withheld, he should receive credit for those taxes and thus cannot be convicted of tax evasion. As proof that the taxes were actually withheld, May points to his pay stub from Paychex—a payroll processing company that issued paychecks to Maranatha's employees in 1995 and 1996—reporting taxes it deducted from Maranatha employees' wages.

Evidence at trial, however, established that neither Paychex nor May, acting on behalf of Maranatha, actually withheld the taxes from May's wages. May gave Paychex funds covering only the employees' wages; Paychex never received or possessed the gross pay sums. May, moreover, retained those corporate funds (the difference between the gross and net pay due employees) in Maranatha's corporate bank account, an account May personally controlled and accessed for personal expenditures. Because the evidence supports a finding that May did not actually withhold the taxes from his wages as reflected on his Paychex pay stub, May cannot claim a credit for those taxes. We therefore affirm the district court's decision denying May's motion for judgment of acquittal.

Second, we reject May's argument that the district court plainly erred in failing to instruct the jury on the meaning of "willfully," an element of tax evasion and failure to pay over. The record

establishes that the district court *did* instruct the jury at length on the meaning of "willfully" and therefore did not plainly err.

Third, in light of the government's concession that the district court plainly erred by treating the U.S. Sentencing Guidelines as mandatory, we vacate the sentence and remand the case for resentencing under *United States v. Booker*, 543 U.S. 220 (2005). We therefore decline to address May's other challenges to his sentence and urge him to present those to the district court on remand.

III

For these reasons, we affirm the district court's decision to deny May's motion for a judgment of acquittal, vacate May's sentence, and remand the case for *Booker* resentencing.