T.C. Summary Opinion 2008-95

UNITED STATES TAX COURT

WILLIAM L. SOLOMON, JR., AND SHARON A. JACKSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1843-07S.                    Filed July 31, 2008.

William L. Solomon, Jr., and Sharon A. Jackson, pro sese.

Robert W. Mopsick, for respondent.

PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.
Pursuant to section 7463(b), the decision to be entered is not
reviewable by any other court, and this opinion shall not be
treated as precedent for any other case.  Unless otherwise
indicated, section references are to the Internal Revenue Code as

amended and in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $18,300 and $17,446 and accuracy-related penalties of $3,660 and $3,489, respectively, in petitioners' 2003 and 2004 Federal income taxes. The issues for decision are: (1) Whether petitioners are entitled to claim fuel tax credits for 2003 and 2004 and (2) whether they are liable for penalties under section 6662(a) for the years in issue.

## Background

Petitioners resided in New Jersey when they filed the petition. William L. Solomon, Jr. (hereafter petitioner), is a truck driver who owns and operates a tractor-trailer. Petitioner registered his 18-wheeler as a commercial vehicle and drove it only on roads and highways.

Sharon A. Jackson (Ms. Jackson) prepared their joint 2003 and 2004 Federal income tax returns using tax preparation software. She followed the prompts from the software and answered the questions posed, entering the year, make, model, and weight of the truck, tolls paid, amount of fuel used, type of fuel used (diesel), and other details. Ms. Jackson did not recall precisely what questions the software asked regarding the fuel tax credits and in particular did not remember answering questions about highway versus off-road use. She recalled the

software asking her whether the truck used diesel fuel and explained her understanding of the significance of that question: "If it does, it can be entitled to a fuel tax credit."

Neither petitioner is a tax professional. For tax years prior to 2003, they hired a return preparer, but Ms. Jackson explained: "Well, we had an accountant, but the accountant was ripping us off, and he wasn't doing them properly either. I figured since he wasn't doing them properly, let me try it." Petitioners began preparing their own tax returns and began using tax preparation software when Ms. Jackson prepared their 2003 tax return.

Petitioners claimed a fuel tax credit for diesel fuel for each of the years in issue.[1] Upon examination, respondent disallowed the fuel tax credits for both years and determined that petitioners were liable for accuracy-related penalties under section 6662(a).

## Discussion

Generally, the burden of proof is on the taxpayer. Rule 142(a)(1). Respondent's determinations are presumed correct, and

---

[1] Petitioners claimed fuel tax credits of $18,300 and $17,446 for 2003 and 2004, respectively, for 75,000 and 71,500 gallons of diesel fuel, respectively, at $0.244 per gallon.

petitioners bear the burden of proving that they are erroneous.[2] See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

1. <u>Fuel Tax Credit</u>

Section 4041(a)(1) imposes a tax on diesel fuel sold to an owner, lessee, or other operator of a diesel-powered highway vehicle for use as a fuel in such vehicle. However, the tax is not imposed if the diesel fuel is "sold for use or used in an off-highway business use" as defined in section 6421(e)(2). Sec. 4041(b)(1)(A), (C). Off-highway business use includes any use in a trade or business other than as a fuel in a highway vehicle "which (at the time of such use), is registered, or is required to be registered, for highway use under the laws of any State". Sec. 6421(e)(2)(A).

Where a tax has been imposed under section 4041 on a sale of diesel fuel and the fuel is used by the purchaser for a nontaxable purpose, such as an off-highway business use, section 34 allows a credit against income tax for the section 4041 tax imposed on the sale. See sec. 34(a)(2) (payments under section 6421 for gasoline used other than as fuel for a highway vehicle) and (3) (payments under section 6427 for fuels used for

---

[2] Neither party addresses sec. 7491(a). On the record before us we conclude that the burden of proof does not shift to respondent with respect to any of the factual issues in this case. See sec. 7491(a)(1) and (2)(A) and (B).

nontaxable purposes); see also secs. 6421(i)(3), 6427(k)(3) (income tax credits in lieu of payment).[3]

With regard to the credits payable under sections 34, 6421, and 6427, petitioners must prove that the fuel was used for nontaxable purposes; i.e., that the truck was not a highway vehicle that was registered or required to be registered for highway use.  They must then establish the number of gallons of fuel so used or the amount of tax paid.  <u>Williams v.</u>

---

[3] The record does not include the second pages of petitioners' 2003 and 2004 Forms 1040, U.S. Individual Income Tax Return.  However, the record does contain the Forms 4136, Credit for Federal Tax Paid on Fuels, for 2003 and 2004.  The Court notes that ll. 67 and 69 on the second page of a 2003 and 2004 Form 1040, respectively, permit entry of credits claimed on Form 4136.  These credits are treated as payments on Form 1040.  The Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, include self-assessed taxes and refundable credit claims consistent with petitioners' entering the credits on the Forms 1040.

Sec. 6211(a) defines the term "deficiency" and is limited to subtits. A and B and chs. 41, 42, 43, and 44.  Subtit. D contains the fuel tax in secs. 4041 and 4081.  However, sec. 34 allows fuel tax payments to be made as credits against income tax.  When so claimed, the fuel tax credit comes under subtit. A and is subject to deficiency proceedings.  Sec. 6211(b)(4) provides that the excess of such credits over the amount shown as tax on the return shall be taken into account as a negative tax.

Sec. 301.6211-1(b), Proced. & Admin. Regs., states: "Payments on account of estimated income tax, like other payments of tax by the taxpayer, shall likewise be disregarded in the determination of a deficiency."  Although treated as a payment on Form 1040, this refundable credit is not actually a payment by a taxpayer; rather, it is a negative tax.  Sec. 6211(b)(4).  Thus, it is considered in calculating the deficiency.  Hence, respondent determined deficiencies equal to petitioners' disallowed fuel tax credits.

Commissioner, T.C. Memo. 1997-540.  Petitioner testified not only that his truck was registered but also that he drove it exclusively on roads and highways.

We conclude that petitioners are not eligible for the claimed fuel tax credits because the fuel was not used in any off-highway business activity.  Accordingly, respondent's determination is sustained.

## 2. Accuracy-Related Penalty

By virtue of section 7491(c), the Commissioner has the burden of production with respect to the accuracy-related penalty.  To meet this burden, he must produce sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner satisfies this burden of production, a taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  Rule 142(a); see Higbee v. Commissioner, supra.  The burden of proving that the accuracy-related penalty should not be imposed rests with the taxpayer. Higbee v. Commissioner, supra.

Section 6662(a) provides:

> SEC. 6662(a).  Imposition of Penalty.--If this section applies to any portion of an underpayment of tax required to be shown on a return, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies.

Section 6662(b) provides that the accuracy-related penalty applies to the portion of any underpayment attributable to one or more of the five types of misconduct specified in that subsection.[4] Section 6664(a) defines an underpayment as follows:

> SEC. 6664(a). Underpayment.--For purposes of this part, the term "underpayment" means the amount by which any tax imposed by this title exceeds the excess of--
>
>> (1) the sum of--
>>
>>> (A) the amount shown as the tax by the taxpayer on his return, plus
>>>
>>> (B) amounts not so shown previously assessed (or collected without assessment), over
>>
>> (2) the amount of rebates made.
>
> For purposes of paragraph (2), the term "rebate" means so much of an abatement, credit, refund, or other repayment, as was made on the ground that the tax imposed was less than the excess of the amount specified in paragraph (1) over the rebates previously made.[5]

As previously discussed there are deficiencies in income taxes for 2003 and 2004 because an overstated refundable credit is treated as a negative tax in the computation of a deficiency,

_____

[4] The penalized conduct includes, inter alia, negligence or disregard of rules or regulations, sec. 6662(b)(1), and any substantial understatement of income tax, sec. 6662(b)(2).

[5] The refunds petitioners received resulted from their claiming refundable fuel tax credits. Those refunds were not paid because the taxes imposed were less than the amounts shown as tax by petitioners on their returns. Thus, petitioners' 2003 and 2004 tax refunds do not fit within the narrow definition of "rebate" in the flush language of sec. 6664(a).

effectively reducing the amount of tax shown by the taxpayer on his return. Sec. 6211(b)(4); see supra note 3.

The calculation of an underpayment does not require such an adjustment for an overstated refundable credit. Sec. 6664(a); cf. Sadler v. Commissioner, 113 T.C. 99, 103 (1999) ("if a taxpayer overstates the credit for withholding, the overstatement decreases the amount shown as the tax by the taxpayer on his return and increases the underpayment of tax"); sec. 1.6664-2(c)(1), Income Tax Regs. (adjustments are made only for inflated withholding credits, estimated tax payments, and other payments made by the taxpayer). Because the underpayment calculation does not adjust for overstated refundable credits, such as the fuel tax credit, there are no underpayments in this case. Because an accuracy-related penalty is equal to 20 percent of certain underpayments, it follows that there can be no accuracy-related penalty without an underpayment.

The Commissioner is required to come forward with sufficient evidence to show that a taxpayer is liable for any penalty determined in the notice of deficiency. Sec. 7491(c). Respondent has not met this burden because there are no underpayments where the only adjustments are the disallowance of some or all of petitioners' claimed refundable credits.[6]

---

[6] Even if underpayments existed to trigger sec. 6662(a), we would not hold petitioners liable for the penalties respondent
(continued...)

We hold that petitioners are not liable for the accuracy-related penalties for 2003 and 2004.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent as to the deficiencies</u>

<u>and for petitioners as to the</u>

<u>section 6662(a) penalties</u>.

---

[6](...continued) determined because:  (1) Considering petitioners' credible testimony and the level of their education, experience, and knowledge of Federal income tax, we are convinced that petitioners honestly misunderstood the fuel tax credit and that they acted in good faith; (2) given the technical nature of the Code provisions, we conclude that petitioners acted with reasonable cause; and (3) the accuracy-related penalty is not imposed with respect to any portion of an underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 448 (2001).