T.C. Memo. 2009-65

UNITED STATES TAX COURT

THOMAS M. LANGSTON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16671-05.                     Filed March 25, 2009.

Thomas M. Langston, pro se.

Lauren B. Epstein, for respondent.

MEMORANDUM OPINION

SWIFT, Judge:  This matter is before us under Rule 121 on respondent's motion for summary judgment with respect to respondent's determination of deficiencies and fraud penalties in petitioner's 1994, 1995, and 1996 Federal income taxes, as follows:

|      |            | Fraud Penalty |
|------|------------|---------------|
| Year | Deficiency | Sec. 6663 |
| 1994 | $1,960     | $1,470 |
| 1995 | 12,206     | 9,155 |
| 1996 | 39,556     | 29,667 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Under Rule 91(f)(3), many of the facts have been deemed stipulated and are so found.[1]

At the time the petition was filed, petitioner was a resident of Wesley Chapel, Florida.

In 1994, 1995, and 1996 petitioner received zero or only nominal income and paid zero or only nominal Federal income taxes. However, for those years petitioner filed with respondent Federal

---

[1] On Feb. 20, 2007, respondent filed a motion to show cause why proposed facts in evidence should not be accepted as established (Rule 91(f) motion). On Feb. 23, 2007, the Court issued an order granting respondent's Rule 91(f) motion and directing petitioner to file a response to the motion by Mar. 15, 2007. The Feb. 23, 2007, order also explained that petitioner's failure to respond to any matter set forth in respondent's Rule 91(f) motion, including the proposed stipulation of facts, would result in such matters being deemed stipulated. Petitioner failed to respond to respondent's Rule 91(f) motion, and, on Apr. 5, 2007, the Court made absolute its Feb. 23, 2007, order, and the facts set forth in respondent's proposed stipulation of facts were deemed stipulated for purposes of trial and opinion.

income tax returns and erroneously reported thereon substantial income and Federal tax withholdings (Tax W/Holdings), and petitioner claimed tax refunds for reported overpayments, as follows:

|  | 1994 | | 1995 | | 1996 | |
| --- | --- | --- | --- | --- | --- | --- |
|  | Received | Reported | Received | Reported | Received | Reported |
| Income | $0 | $17,402 | $171 | $66,231 | $4,389 | $129,132 |
| Tax liability | 0 | 0 | 0 | 6,814 | 0 | 15,805 |
| Tax w/holdings | 0 | 1,960 | 3 | 19,023 | 173 | 55,534 |
| Claimed refunds | | 1,960 | | 12,209 | | 39,729 |

Attached to his 1994, 1995, and 1996 filed Federal income tax returns were false Forms W-2, Wage and Tax Statement, which petitioner had prepared and which reflected the overreported wages and tax withholdings. At the time he filed his 1994, 1995, and 1996 Federal income tax returns, petitioner knew that the wages and tax withholdings he reported thereon were false.

For 1994 and 1995 respondent processed petitioner's Federal income tax returns and paid to petitioner the claimed refunds of $1,960 and $12,209, respectively.

However, due to the large amount, respondent did not refund to petitioner the reported $39,729 overpayment for 1996; rather, respondent flagged petitioner's 1996 Federal income tax return for audit and investigation.

On October 30, 2002, petitioner was indicted on several criminal charges relating to his 1996 Federal income taxes.

On July 18, 2003, petitioner pleaded guilty to a felony under section 7206(1) for filing a false 1996 Federal income tax return.

In his plea agreement petitioner admitted that at the time he filed his 1996 Federal income tax return he knew his reported tax overpayments were false. Petitioner also admitted that he attached to his 1996 Federal income tax return two false Forms W-2 which he prepared and filed in an attempt to support the reported 1996 erroneous tax overpayment.

For 1994, 1995, and 1996 respondent audited petitioner and determined deficiencies of $1,960, $12,206, and $39,556, respectively. Respondent requested that petitioner produce his bank statements for 1994, 1995, and 1996, but petitioner failed to comply with respondent's request.

Petitioner appealed respondent's determination to respondent's Appeals Office. Respondent's Appeals Office scheduled a conference with petitioner for February 25, 2005; petitioner, however, failed to attend the conference.

On June 10, 2005, respondent mailed to petitioner a notice of deficiency reflecting the above deficiencies in petitioner's 1994, 1995, and 1996 Federal income taxes. Respondent also determined that the deficiencies were due to fraud and therefore that petitioner was liable for a section 6663(a) 75-percent civil fraud penalty on the entire deficiency for each year.

On petitioner's motions, two scheduled trials were continued. Those continuances did not suspend respondent's motion for summary judgment. Petitioner has failed to file a meaningful response to respondent's motion for summary judgment.

## Discussion

Where no material fact remains at issue, we may grant summary judgment as a matter of law. Rule 121(b); Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 75-76 (2004), affd. on other grounds 404 F.3d 1291 (11th Cir. 2005).

Where it is established that any part of an underpayment of tax required to be shown on a return is due to fraud, there is added to the tax under section 6663(a) a penalty equal to 75-percent of the portion of the underpayment attributable to fraud.

To prove a taxpayer's tax fraud, respondent must establish by clear and convincing evidence: (1) The existence of an underpayment of tax; and (2) the taxpayer's fraudulent intent. Sadler v. Commissioner, 113 T.C. 99, 102 (1999); Parks v. Commissioner, 94 T.C. 654, 660-661 (1990).

### Underpayment of Tax

Section 6664(a) defines an "underpayment" as:

the amount by which any tax imposed by this title exceeds the excess of--

(1) the sum of--

(A) the amount shown as the
tax by the taxpayer on his return,
plus

(B) amounts not so shown
previously assessed (or collected
without assessment), over

(2) the amount of rebates made.

Section 1.6664-2(c)(1)(i) and (ii), Income Tax Regs.,
provides that in making the above computation, "the 'amount shown
as the tax by the taxpayer on his return'" is reduced by the
excess of:

(i) The amounts shown by the taxpayer on his
return as credits for tax withheld under section 31
(relating to tax withheld on wages) * * * over

(ii) The amounts actually withheld, actually
paid as estimated tax, or actually paid with respect
to a taxable year before the return is filed for such
taxable year.

Accordingly, with regard to a taxpayer who has overstated
credits for tax withholdings, we have held that "the overstatement
decreases the amount shown as the tax by the taxpayer on his
return and increases the underpayment of tax." Sadler v.
Commissioner, supra at 103; see also sec. 1.6664-2(g), Example
(3), Income Tax Regs.

The facts establish petitioner's liability for the
underpayments determined by respondent. As a result of
petitioner's overstatements of his tax withholdings, petitioner

has underpayments of taxes for 1994 of $1,960, for 1995 of $12,206, and for 1996 of $39,556.

Fraudulent Intent

Respondent may satisfy his burden of proving a taxpayer's fraudulent intent by use of the taxpayer's deemed admissions. Doncaster v. Commissioner, 77 T.C. 334, 337 (1981); Vogt v. Commissioner, T.C. Memo. 2007-209. We have held that fraud is never to be imputed or presumed; however, "its proof may depend to some extent upon circumstantial evidence, and may rest upon reasonable inferences properly drawn from the evidence of record." Stone v. Commissioner, 56 T.C. 213, 224 (1971); see also Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

Petitioner has admitted or stipulated that he prepared false Forms W-2, that he knowingly overstated the amount of Federal income tax withholdings for 1994, 1995, and 1996, and that he knowingly claimed the illegal tax refunds for each year.

Petitioner failed to cooperate with respondent and failed to comply with respondent's request to provide bank statements for 1994, 1995, and 1996.

The deemed stipulated facts establish that petitioner's purpose for knowingly filing false Forms W-2 was to fraudulently induce respondent to refund money petitioner was not owed. Based on those stipulated facts, respondent has met his burden of

proving by clear and convincing evidence that petitioner fraudulently underpaid his taxes.

Petitioner's liability for the fraud penalties determined by respondent is sustained, and the fraud penalty for each year applies to the entire tax deficiency for each year.

For the reasons stated, we sustain respondent's deficiency determinations and respondent's imposition on petitioner of the fraud penalties.

<u>An appropriate order and decision will be entered</u>.