T.C. Memo. 2016-205

UNITED STATES TAX COURT

BRADLEY A. BALLARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13293-14.                    Filed November 9, 2016.

Bradley A. Ballard, pro se.

<u>Blaine Charles Holiday</u>, for respondent.

MEMORANDUM OPINION

PUGH, <u>Judge</u>:  In a notice of deficiency dated March 6, 2014, respondent

determined the following deficiencies, additions to tax, and penalties:

[*2]

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6663 |
|------|-----------|------------------|------------------|
| 2005 | $314,134 | $78,534 | $235,601 |
| 2006 | 185,349 | 46,217 | 138,652 |
| 2007 | 227,785 | 56,461 | 169,384 |

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

When this case was called from the trial calendar in St. Paul, Minnesota, petitioner failed to appear. Counsel for respondent appeared and described his conversation with petitioner earlier that morning as follows: "[Petitioner] indicated he had no intention of coming this morning * * *. And he indicated that it was his intention to try to resolve this or work with this on the collection side through either an installment agreement or an offer-in-compromise." Counsel for respondent further stated that he had advised petitioner of his intention to file a motion for default and entry of decision pursuant to Rule 123(a). Respondent filed the motion for default and entry of decision on February 24, 2016. This case now is before the Court on respondent's motion.

**[*3]**                              <u>Background</u>

Petitioner failed to appear when the case was called for trial, as noted above. Petitioner also failed to respond to our order to show cause why facts set forth in a proposed stipulation by respondent should not be deemed admitted under Rule 91(f). We therefore made our order to show cause absolute, and those facts are deemed admitted for purposes of our decision on respondent's motion. We incorporate those facts by this reference.

Petitioner was a resident of Minnesota at the time his petition was filed. Petitioner filed his 2005, 2006, and 2007 Forms 1040, U.S. Individual Income Tax Return, on September 8, 2009, claiming a filing status of single and no dependents. Attached to his 2005, 2006, and 2007 Forms 1040 were Schedules C, Profit or Loss From Business, reflecting the business name "Quik Copy" and reporting gross receipts of $101,400, $128,600, and $134,600 for 2005, 2006, and 2007, respectively. Petitioner reported no taxable income for all three years. The address reported for Quik Copy was on University Avenue in Saint Paul.

On October 14, 2011, after petitioner was sent a letter informing him that his 2007 Form 1040 was being examined, petitioner submitted Forms 1040X, Amended U.S. Individual Income Tax Return, for tax years 2005, 2006, and 2007, as joint returns. Attached to petitioner's 2005, 2006, and 2007 Forms 1040X were

[*4] Schedules C reflecting gross receipts from "Quik Copy" of $1,165,809, $955,133, and $1,091,379 for 2005, 2006, and 2007, respectively, and claiming substantial deductions for each year. Respondent did not file the Forms 1040X as they were submitted, but the gross receipts that petitioner reported on his amended Schedules C for tax years 2005 and 2007 match the gross receipts that respondent used in determining petitioner's taxable income. On petitioner's amended returns the street address reported for Quik Copy was on Rainier Alcove in Woodbury, Minnesota.

Petitioner's Quik Copy business was engaged in counterfeiting intellectual property through the illegal duplication and sale of DVDs and CDs. Petitioner's Quik Copy business deals only in cash and maintains no business records.

Respondent determined petitioner's income for 2006 under the bank deposits method. In 2006 petitioner had total deposits into four bank accounts of $1,388,418, which included taxable deposits of $1,004,357.

Petitioner timely petitioned this Court for redetermination.

## Discussion

I. Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In unreported income

**[\*5]** cases, the Commissioner generally must make some minimal evidentiary showing to link the taxpayer to the disputed income. See Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir. 1979), rev'g 67 T.C. 672 (1977); see also Dodge v. Commissioner, 981 F.2d 350, 353-354 (8th Cir. 1992), aff'g in part, rev'g in part 96 T.C. 172 (1991). The Commissioner also bears the initial burden of production with respect to additions to tax. See sec. 7491(c). The Commissioner bears the burden of proof as to penalties for fraud. Sec. 7454(a); Rule 142(b).

II. Petitioner's Deficiencies

Section 61(a) provides that gross income includes "all income from whatever source derived". See also Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955).

A taxpayer is required to maintain adequate books and records sufficient to establish his or her income. See sec. 6001; DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992). If a taxpayer fails to maintain these records, the Commissioner may determine income under the bank deposits method. DiLeo v. Commissioner, 96 T.C. at 867. A bank deposit is prima facie evidence of income. Id. at 868. The Commissioner is not required to follow any "leads" suggesting that a taxpayer might have deductible expenses. Id. at 872.

**[\*6]**  Rule 123(a) provides as follows:

> (a) Default:  If any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court.  Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. * * *

Rule 149(a) provides as follows:

> (a) Attendance at Trials:   The unexcused absence of a party or a party's counsel when a case is called for trial will not be ground for delay.  The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties.

Petitioner is deemed to have admitted that he underreported his income by omitting gross receipts and other income and failing to substantiate expenses underlying deductions beyond those that respondent allowed for tax years 2005, 2006, and 2007, resulting in deficiencies of $314,134, $185,349, and $227,785 for 2005, 2006, and 2007, respectively.  These deficiencies will be sustained because of petitioner's failure to appear for trial, failure to comply with the Court's orders and Rules, and failure otherwise properly to prosecute the case.

**[*7]** III. <u>Additions to Tax Under Section 6651(a)(1)</u>

Respondent determined that petitioner is liable for additions to tax for 2005, 2006, and 2007 under section 6651(a)(1) for failure timely to file a valid return. The Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax. <u>See</u> sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). Once the Commissioner carries the burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer has an affirmative defense. <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. at 446-447.

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure timely to file a return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. <u>See</u> <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985). A failure to file a Federal income tax return timely is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time, typically for reasons outside the taxpayer's control. <u>See</u> <u>McMahan v. Commissioner</u>, 114 F.3d 366, 368-369 (2d Cir. 1997), <u>aff'g</u> T.C. Memo. 1995-547; sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

[*8]   Petitioner was required to file Forms 1040 for 2005, 2006, and 2007 and failed to do so until September 2009.  See sec. 6012(a)(1)(A).  Accordingly, respondent has carried his burden of producing evidence showing that the additions to tax under section 6651(a)(1) are appropriate.  Petitioner failed to introduce any credible evidence showing that he had reasonable cause for failing to file his Forms 1040 timely.  Accordingly, petitioner is liable for the additions to tax under section 6651(a)(1).

IV.  Fraud Penalty Under Section 6663(a)

     Fraud is an intentional wrongdoing on the part of a taxpayer with the specific purpose to evade a tax believed to be owed.  Sadler v. Commissioner, 113 T.C. 99, 102 (1999).  The fraud penalty is a civil sanction provided primarily as a safeguard for protection of revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud.  Helvering v. Mitchell, 303 U.S. 391, 401 (1938); Sadler v. Commissioner, 113 T.C. at 102.  The Commissioner has the burden of proving fraud by clear and convincing evidence.  Sec. 7454(a); Rule 142(b).  The Commissioner satisfies this burden by showing that an underpayment exists and that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of taxes known or believed to be owing.  Katz v. Commissioner, 90 T.C. 1130, 1143 (1988).  If the

**[\*9]** Commissioner establishes that any portion of the underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud and subject to a 75% penalty, except with respect to any portion that the taxpayer establishes (by a preponderance of the evidence) is not attributable to fraud. Sec. 6663(a) and (b).

The existence of fraud is a question of fact to be resolved upon consideration of the entire record. King's Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 516 (1992). Fraud may be proved by circumstantial evidence and inferences drawn from the facts because direct proof of a taxpayer's intent rarely is available. Niedringhaus v. Commissioner, 99 T.C. 202, 210 (1992). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. DiLeo v. Commissioner, 96 T.C. at 874; Stone v. Commissioner, 56 T.C. 213, 224 (1971). Fraudulent intent may be inferred from various kinds of circumstantial evidence, or "badges of fraud". Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), aff'g T.C. Memo. 1984-601. Over the years, courts have developed a nonexclusive list of factors that demonstrate fraudulent intent. These badges of fraud include: (1) understating income, (2) maintaining inadequate records, (3) failing to file tax returns, (4) giving implausible or inconsistent explanations of behavior, (5) concealing assets, (6) failing to cooperate with tax

**[\*10]** authorities, (7) engaging in illegal activities, (8) attempting to conceal illegal activities, (9) dealing in cash, and (10) failing to make estimated tax payments. See, e.g., Spies v. United States, 317 U.S. 492, 499 (1943); Recklitis v. Commissioner, 91 T.C. 874, 910 (1988); see also McGraw v. Commissioner, 384 F.3d 965, 971 (8th Cir. 2004) (citing Spies and Bradford), aff'g Butler v. Commissioner, T.C. Memo. 2002-314.

We have held that the Commissioner may satisfy his burden of proving liability for the fraud penalty with deemed admissions. See Smith v. Commissioner, 91 T.C. 1049, 1052-1053 (1988), aff'd, 926 F.2d 1470 (6th Cir. 1991); Marshall v. Commissioner, 85 T.C. 267 (1985). In numerous cases we have relieved the Commissioner of the burden of putting on his case for the penalty for fraud where deemed admissions have resulted from a taxpayer's failure to respond to certain procedural devices contained in our rules. See Smith v. Commissioner, 91 T.C. at 1055. We review the facts established through deemed admissions or stipulation to determine whether they are sufficient to sustain a finding of fraud. Id. at 1058-1059.

Petitioner significantly underreported his income, reporting a negative taxable income for all three years. See Otsuki v. Commissioner, 53 T.C. 96, 107-108 (1969) (holding that underreporting income by a substantial amount for five

[*11] consecutive years is strong evidence of an attempt to defraud the Government). In addition, petitioner's income was derived from the illegal duplication and sale of DVDs and CDs, and his business dealt exclusively in cash. See Arouth v. Commissioner, T.C. Memo. 1992-679 (holding that the taxpayer's activity of illegally obtaining and selling prescription drugs, failing to maintain records, and dealing only in cash was sufficient evidence to hold that the taxpayer's understatements were attributable to fraud). Petitioner's failure to keep records for his business also is a badge of fraud. See Bradford v. Commissioner, 796 F.2d at 307-308.

When the case was called from the calendar, we expressed concern with the wording of the proposed stipulation (characterizing petitioner's business activities as illegal), but petitioner was given an opportunity to contest the issue. In our order to petitioner to show cause why the matters set forth in respondent's Rule 91(f) motion should not be deemed admitted for purposes of this case, we warned him of the consequences of not contesting respondent's motion. We stated: "If no response is filed with the Court within the periods specified above with respect to any matter or portion thereof, or if the response is evasive or not fairly directed to the proposed stipulation or portion thereof, such matter or portion thereof may be deemed stipulated". Counsel for respondent also notified petitioner that a motion

**[*12]** for default would be filed if he did not appear for trial. Petitioner cannot escape fraud penalties simply by failing to respond to the Court's orders or to show up to contest his case. The deemed admissions presented by respondent and not contested by petitioner are clear and convincing evidence of fraud with respect to each year in issue, satisfying respondent's burden of proof. We therefore hold that petitioner is liable for the fraud penalties under section 6663.

Any contentions we have not addressed we deem irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.