T.C. Memo. 2017-57

UNITED STATES TAX COURT

BRADLEY A. BALLARD AND PONCELLA BALLARD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13295-14.

Filed April 6, 2017.

Bradley A. Ballard and Poncella Ballard, pro sese.

<u>Blaine Charles Holiday</u> and <u>John Schmittdiel</u>, for respondent.

MEMORANDUM OPINION

NEGA, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment under Rule 121.[1]  Respondent requests summary judgment in the light of the facts deemed stipulated pursuant to Rule 91(f).

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code (Code) in effect for the years at issue.  All amounts are rounded to the nearest dollar.

[*2]  In a notice of deficiency dated March 6, 2014, respondent determined the following deficiencies, additions to tax, and penalties:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6663 |
|------|-----------|------------------|-------------|
| 2008 | $248,731 | $61,684 | $185,051 |
| 2009 | 145,187 | 7,128 | 107,596 |
| 2010 | 64,715 | 16,179 | 48,536 |

The issues for our consideration are whether petitioners:  (1) underreported gross receipts and overstated deductions, (2) are liable for additions to tax under section 6651(a)(1) for failing to file timely returns, and (3) are each liable for section 6663 fraud penalties for the years 2008-10.

## Background

I.    Procedural History

On March 6, 2014, respondent issued petitioners a notice of deficiency (notice) for 2008-10.  Petitioners timely filed a petition with this Court for redetermination.  On July 31, 2014, respondent filed an answer affirmatively alleging facts supporting the deficiency and penalty determinations.  On October 29, 2014, petitioners filed a reply to answer denying those allegations.

In the interim, however, petitioners failed to cooperate with respondent in preparing this case for trial and neglected to further prosecute this action before the Court.  Petitioners also failed to respond to our order to show cause why facts

**[*3]** set forth in a proposed stipulation by respondent should not be deemed admitted under Rule 91(f). We therefore made our order to show cause absolute on June 3, 2015, and those facts are deemed admitted for purposes of our decision on respondent's motion. We incorporate those facts by this reference.

On July 1, 2016, respondent filed a motion for summary judgment. Respondent contends that no genuine issues of material fact remain in dispute and requests we sustain the deficiencies, additions to tax, and fraud penalties determined in the notice. Respondent contends the facts deemed stipulated under Rule 91(f) satisfy his burdens as to all relevant issues. By order dated July 6, 2016, we directed petitioners to file a response to the motion for summary judgment on or before July 27, 2016. To date, petitioners have failed to do so. When this case was called from the trial calendar during the September 26, 2016, session of the Court in St. Paul, Minnesota, petitioners failed to appear. Counsel for respondent appeared and was heard.

II. Factual Background

Petitioner husband, Mr. Ballard, operated a sole proprietorship under the name "Quik Copy". As Quik Copy, Mr. Ballard operated a print and copy business wherein he specialized in the unauthorized duplication of copyrighted

[*4] works.  To conceal his piracy Mr. Ballard dealt mostly in cash, kept no financial or business records, and maintained numerous bank accounts.

Mr. and Ms. Ballard filed separate tax returns for 2008.  Ms. Ballard filed timely, reporting herself as a head of household, independently supporting her three children.  Mr. Ballard filed as single with no dependents.  Mr. Ballard, however, filed his return nearly five months past due on September 8, 2009.

For 2009 Mr. Ballard filed as a head of household, claiming Ms. Ballard's children as dependents.  Again Mr. Ballard failed to file timely, filing this return on May 3, 2010.  Ms. Ballard neither signed this return nor filed separately.

For 2008 and 2009 Mr. Ballard reported portions of Quik Copy's receipts and expenses on his individual tax returns using Schedules C, Profit or Loss From Business.  However, he declined to report any gross receipts or expenses associated with his illicit activities.

On June 17, 2010, respondent mailed a Letter 2205-A to Mr. Ballard informing him that his 2007 return had been selected for examination. Respondent's audit expanded to include returns for Mr. Ballard's 2008 and 2009 tax years, for which respondent's revenue agent performed a bank deposits analysis.  The bank deposits analysis led respondent to determine that Mr. Ballard

**[*5]** had underreported Quik Copy's gross receipts by $1,118,585 and $740,647 for 2008 and 2009, respectively.

During the examination Mr. and Ms. Ballard provided respondent's examiner with professionally prepared amended joint returns for years 2008 and 2009 (amended returns) and their joint 2010 return, which at that time was approximately seven months past due. Petitioners also consented to an extension of the period of limitations on assessment.

Petitioners' amended returns purported to correct Mr. Ballard's reporting of Quik Copy's gross receipts for 2008 and 2009. The amended returns, however, still exhibited significant underreporting when compared with respondent's bank deposits analysis. Additionally, petitioners failed to substantiate the business expenses and capital losses for which they claimed deductions in their amended 2008 and 2009 returns and in their newly filed 2010 return.

Respondent concluded the examination and issued petitioners a notice of deficiency for years 2008-10. Respondent disallowed deductions for all unsubstantiated expenses and capital losses for years 2008-10. On the basis of the bank deposits analysis, respondent increased petitioners' Schedule C gross receipts for 2008 and 2009. Finally, respondent determined additions to tax for failure to file timely and fraud penalties for years 2008-10 for each petitioner.

**[*6]**                              <u>Discussion</u>

I.     <u>Summary Judgment Standard</u>

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy when there exists no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b). The moving party bears the burden of proving there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the nonmoving party. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985).

The facts in this matter have been deemed stipulated under Rule 91(f) and are not in dispute. Facts deemed admitted or stipulated may be found sufficient to uphold deficiency determinations and also to satisfy respondent's burden of proving fraud. See <u>Rechtzigel v. Commissioner</u>, 79 T.C. 132, 141 (1982), <u>aff'd per curiam</u>, 703 F.2d 1063 (8th Cir. 1983); <u>Doncaster v. Commissioner</u>, 77 T.C. 334 (1981); <u>see also</u> <u>Console v. Commissioner</u>, T.C. Memo. 2001-232, slip op. at 9, <u>aff'd</u>, 85 F. App'x 869 (3d Cir. 2003).

**[*7]** II.     Income Tax Deficiencies for Years 2008, 2009, and 2010

Section 61(a) provides that gross income includes "all income from whatever source derived".  Section 162 permits taxpayers to deduct from gross income the ordinary and necessary expenses of carrying on a trade or business. Section 1211 generally permits individuals to deduct capital losses to the extent of capital gains plus $3,000.  The Code requires, however, that taxpayers maintain books and records sufficient to establish their income and the substance of any deductions claimed.  See sec. 6001.

Generally, the Commissioner's deficiency determinations are presumed correct, and taxpayers bear the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

The undisputed facts establish the existence of deficiencies.  Respondent's bank deposits analysis shows that Mr. Ballard understated his Schedule C gross receipts for years 2008 and 2009.  Mr. Ballard failed to maintain any business records.  See Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978) (holding bank deposits analysis sufficient when taxpayer fails to maintain required records). Additionally, petitioners failed to substantiate their business expenses and capital losses in excess of the amounts that respondent allowed as deductions for 2008-

**[*8]** 10. Respondent is therefore entitled to a decision as a matter of law with respect to the deficiencies for 2008-10.

III.    Section 6651(a)(1) Additions to Tax for 2008, 2009, and 2010

Generally, individual and married taxpayers must file their Federal income tax returns on or before April 15. Sec. 6072(a). Section 6651(a)(1) imposes an addition to tax on a taxpayer's failure to do so. The section 6651 addition to tax will not apply if the taxpayer's failure to file a timely return was due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1).

The Commissioner bears the initial burden of production in establishing liability for an addition to tax. Sec. 7491(c). The taxpayer bears the burden of raising and proving reasonable cause. Rule 142; Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

Respondent determined that both petitioners bore liability for the section 6651(a)(1) additions to tax for years 2008-10. Respondent established that petitioners failed to file timely returns for those years and has therefore met his burden of production.[2] Petitioners failed to introduce evidence of reasonable

---

[2]For purposes of sec. 6651, the Code assigns "deemed filed" dates to the amended joint returns of couples who had previously filed separately. Sec. 6013(b)(3). By virtue of the filing of their amended 2008 return Mr. and Ms. Ballard are deemed to have filed untimely on September 8, 2009, the date of Mr.

(continued...)

**[*9]** cause for their untimely filings.  Accordingly, we sustain respondent's section 6651(a)(1) determinations.

IV.    Fraud Penalties

    A.    In General

When any part of an underpayment of tax is attributable to fraud, section 6663(a) imposes a penalty equal to 75% of that underpayment.  To prove fraud, the Commissioner must establish that:  (1) an underpayment of tax exists and (2) a portion of the underpayment is attributable to the taxpayer's fraudulent intent to evade tax thereon.  Sec. 7454(a); Rule 142(b); see Katz v. Commissioner, 90 T.C. 1130, 1143 (1988).

Respondent bears the burden of proof and must prove fraud by clear and convincing evidence for each year, 2008-10.  See sec. 7454(a); Rule 142(b).  Facts deemed admitted or stipulated may be found sufficient to satisfy respondent's burden of proving fraud.  See Console v. Commissioner, T.C. Memo. 2001-232; Ambroselli v. Commissioner, T.C. Memo. 1999-158.  In evaluating a motion for

---

[2](...continued)
Ballard's initial individual return.  See sec. 6013(b)(3)(i).  Similarly, the filing date for their 2009 amended return is deemed to be the date of Mr. Ballard's untimely filing on May 3, 2010.  See sec. 6013(b)(3)(ii).

**[*10]** summary judgment we review all factual inferences in the light most favorable to the nonmoving party.  Dahlstrom v. Commissioner, 85 T.C. at 821.

Mr. Ballard underreported his gross receipts for 2008 and 2009. Respondent's bank deposits analysis clearly establishes the existence of an underpayment for each year.  However, fraud requires an intentional wrongdoing on the part of the taxpayer undertaken with the specific purpose of evading tax. Sadler v. Commissioner, 113 T.C. 99, 102 (1999).  Fraud is never presumed and must be established by independent evidence for each year at issue.  Petzoldt v. Commissioner, 92 T.C. 661, 698-700 (1989).

Because direct proof of a taxpayer's fraudulent intent is rarely available, fraud may be established by circumstantial evidence.  Niedringhaus v. Commissioner, 99 T.C. 202, 210 (1992).  The existence of fraudulent intent is a question of fact resolved by examination of the entire record and the taxpayer's course of conduct.  Id. at 210-211; King's Court Mobile Home Park, Inc. v. Commissioner, 98 T.C. 511, 516 (1992).

Various kinds of circumstantial evidence--or "badges of fraud"--may combine to support a finding of fraudulent intent, including:  (1) a taxpayer's consistent pattern of understating income and filing false returns, (2) failure to maintain adequate records, (3) concealment of assets, (4) dealing in cash,

**[\*11]** (5) implausible or inconsistent explanations of behavior, (6) and failure to cooperate with tax authorities. McGraw v. Commissioner, 384 F.3d 965, 971 (8th Cir. 2004), aff'g Butler v. Commissioner, T.C. Memo. 2002-314. This Court also recognizes engaging in and attempting to conceal illegal activity as a badge of fraud. Niedringhaus v. Commissioner, 99 T.C. at 211.

B.     Mr. Ballard's Actions in 2008 and 2009

The deemed admissions establish strong evidence of Mr. Ballard's fraudulent conduct in 2008 and 2009. Continuing a pattern of behavior from prior years,[3] Mr. Ballard significantly underreported Quik Copy's gross receipts for 2008 and 2009. Mr. Ballard derived these unreported gross receipts from his unauthorized duplication and sale of DVDs and CDs. Mr. Ballard conducted this portion of his business in cash and neglected to keep any books or records thereof. Mr. Ballard trafficked these cash funds in and among multiple bank accounts and intermingled this cash with his personal assets. Mr. Ballard's actions indicate he ultimately desired to conceal this income--and the income's illicit sources--by filing false returns with respondent.

---

[3]Mr. Ballard habitually underreported his Quik Copy gross receipts. See Ballard v. Commissioner, T.C. Memo. 2016-205 (showing that Mr. Ballard exhibited a nearly identical pattern of conduct in years 2005, 2006, and 2007).

**[\*12]** Although Mr. Ballard ostensibly cooperated with respondent during the audit--by submitting amended returns prepared by a professional--those returns continued his trend of underreporting Schedule C gross receipts. Mr. Ballard's actions with respect to his 2008 and 2009 tax years were clearly undertaken with an intent to conceal income and prevent the collection of tax. Respondent has satisfied his burden of proof with respect to Mr. Ballard's fraudulent intent for years 2008 and 2009.

      C.    <u>Ms. Ballard's Actions in 2008 and 2009</u>

Generally, spouses are jointly and severally liable for the total tax due arising from their joint Federal income tax return. <u>See</u> sec. 6013(d)(3). In the case of joint returns, however, the fraud penalty "shall not apply with respect to a spouse unless some part of the underpayment is due to the fraud of such spouse." Sec. 6663(c). Respondent bears the burden of proving by clear and convincing evidence that Ms. Ballard committed fraud. The actions of Mr. Ballard may not be imputed to Ms. Ballard. <u>See</u> <u>Stone v. Commissioner</u>, 56 T.C. 213, 227-228 (1971); <u>Norris v. Commissioner</u>, T.C. Memo. 2011-161.

We find insufficient evidence in the record to justify holding that Ms. Ballard acted fraudulently or intended to evade tax for 2008 or 2009. This paucity contrasts with the overwhelming evidence showing that Mr. Ballard acted with

[*13] fraudulent intent throughout 2008 and 2009. For 2008 Ms. Ballard individually filed a return whose accuracy respondent has not questioned. Similarly, no facts indicate that Ms. Ballard knew about or aided in the preparation of Mr. Ballard's fraudulent 2009 head of household return, of which she was not a signatory.

Respondent does not allege, and the facts do not indicate, that Ms. Ballard made a habit of underreporting her income or underpaying her tax liabilities. The facts suggest neither her involvement in her husband's business activities-- legitimate or illicit--nor her knowledge of the inner workings of its operation. Similarly the bank deposits analysis examined only the accounts of Mr. Ballard and gives rise to no inference that Ms. Ballard knew of, had an interest in, or was authorized to draw upon those accounts. Accordingly, we hold that Ms. Ballard bears no liability for the fraud penalties for tax years 2008 and 2009.

D. Mr. and Ms. Ballard's Actions in 2010

As noted above, Mr. and Ms. Ballard cooperated with respondent by voluntarily consenting to an extension of the period of limitations and by attempting to comply with their filing obligations by submitting their then-delinquent 2010 tax return during the audit. Petitioners' joint 2010 return was

**[\*14]** professionally prepared, and it appears that they made an earnest attempt at ascertaining their true tax liability.

The revenue agent's bank deposits analysis covered only 2008 and 2009, and respondent did not otherwise determine petitioners to have underreported any income for 2010. Rather, in issuing the notice respondent accepted the gross receipts petitioners reported for 2010 while disallowing their claimed capital loss deductions and business expense deductions for lack of substantiation. While respondent's decision to disallow these deductions may be sufficient to establish a presumptive deficiency, he must still establish the existence of a fraudulent underpayment by clear and convincing evidence. See DiLeo v. Commissioner, 96 T.C. 858, 873 (1991) (the Commissioner "cannot discharge this burden by simply relying on the taxpayer's failure to prove error in his determination of the deficiency"), aff'd, 959 F.2d 16 (2d Cir. 1992).

Considering the record and all factual circumstances, we do not find clear and convincing evidence of an underpayment for 2010 or that either petitioner acted with the requisite fraudulent intent in 2010. For 2010, unlike 2008 and 2009: (1) respondent does not allege that Mr. Ballard maintained bank accounts for subterfuge or the intermingling of business and personal assets; (2) petitioners did not file a flagrantly false return; and (3) respondent did not determine that

**[*15]** petitioners underreported gross income or overstated deductions.  The facts with respect to 2010 establish a run-of-the-mill deficiency arising from failure to substantiate expenses underlying claimed deductions, not the existence of fraud.

To reflect the foregoing,

An appropriate order and decision will be entered.